**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

D'ANDRE WHITLEY,                              )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )        No.  4:25-cv-01589-RWS
                                             )
DEVON M. GOFORTH, et al.,                    )
                                             )
          Defendants.                        )

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff D'Andre Whitley's Application to Proceed in District Court Without Prepaying Fees and Costs.  Based on Plaintiff's financial information, the Court grants his application and assesses an initial partial filing fee of $59.97. Additionally, for the following reasons, the Court dismisses without prejudice Plaintiff's complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency

having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified account statement for the period May 4, 2025 to November 4, 2025. Based on this information, the Court finds that Plaintiff has an average monthly deposit of $299.87. The Court will assess an initial partial filing fee of $59.97, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

-2-

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-915 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging Defendants caused him to suffer unconstitutional conditions of confinement at Northeast Correctional Center (NECC).  He names as Defendants Devon M. Goforth and Robert Herron, correctional officers at NECC.  Plaintiff sues Defendants in their individual capacity only.

Plaintiff states that on July 17, 2024, he was outside during his recreation time and had to urinate.  He asked to go inside to access the restroom, but Defendant Robert Herron said no. Plaintiff asked to go to the restroom several more times, but Herron threated him with lock down if he continued to ask to go inside.

Out of fear of being sent to solitary confinement, Plaintiff stopped asking to use the restroom.  He then "involuntarily urinated [on himself] and was laughed and mocked by the entire yard."  Doc. 1 at 5.  Afterward, he was allowed inside to shower and change.  On October 31, 2024, Defendant Goforth issued Plaintiff a conduct violation "for using the restroom." *Id.*

Plaintiff states that he suffered emotional and mental distress arising out of this incident. For relief, he seeks $70,000 from each Defendant plus punitive damages.

**Discussion**

Plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act (PLRA).  The PLRA states:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury.").  Plaintiff alleges he suffered only emotional and mental distress after being denied use of the restroom and urinating on himself. Doc. 1 at 6.  Because he has suffered no physical injury, the PLRA bars recovery of damages in this action.

For this reason, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [ECF No. 4]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $59.97 within 30 days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot.  [ECF No. 2]

-4-

An Order of Dismissal will accompany this Memorandum and Order

Dated this 15th day of May, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE